

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 12, 2024

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Robert Wisnicki*, 22 Cr. 20 (PGG)

Dear Judge Gardephe:

    The Government writes in response to the Court's order dated February 8, 2024 requesting the parties to address whether an adjustment for abuse of a position of trust or use of a special skill pursuant to §3B1.3 of the United States Sentencing Guidelines is appropriate in this case. (Dkt. 413). The parties' plea agreement does not discuss the applicability of the enhancement. However, the plea agreement states in relevant part, "In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence below the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same." (Plea Agreement at 6). The Government respectfully submits that it is appropriate in this case to apply an adjustment for abuse of a position of trust or use of a special skill pursuant to §3B1.3 of the United States Sentencing Guidelines. The Government nonetheless maintains that a sentence within the Stipulated Guidelines Range of 63 to 78 months' imprisonment, as contemplated by the parties' plea agreement, is appropriate.

    Section 3B1.3, the position of trust or use of a special skill enhancement, states in relevant part:

> If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by **2** levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic. If this adjustment is based upon an abuse of a position of trust, it may be employed in addition to an adjustment under §3B1.1 (Aggravating Role); if this adjustment is based solely on the use of a special skill, it may not be employed in addition to an adjustment under §3B1.1 (Aggravating Role).

Section 3B1.3 further states in Application Note 1:

> 'Public or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (*e.g.*, by making the detection of the offense or the defendant's responsibility for the offense more difficult). This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination.

Whether someone occupies a position of trust "turns on 'the extent to which the position provides the freedom to commit a difficult-to-detect wrong,'" *United States v. Thorn*, 317 F.3d 107, 120 (2d Cir. 2003) (quoting *United States v. Allen,* 201 F.3d 163, 166 (2d Cir. 2000), and does not require "a legally defined duty such as fiduciary duty," *id.* (quoting *United States v. Barrett,* 178 F.3d 643, 646 (2d Cir.1999)). The "defendant's position must involve discretionary authority," and "this discretion must have been entrusted to the defendant by the victim." *Id.* (quoting *United States v. Hirsch*, 239 F.3d 221, 227 (2d Cir. 2001)). On the one hand, "[o]ne who merely engages in arms-length dealings in a commercial transaction does not thereby occupy a position of trust." *Id.* (quoting *United States v. Wright*, 160 F.3d 905, 910 (2d Cir. 1998)). "On the other hand, a defendant who is a fiduciary or one who is responsible for the well-being of a victim of his crime, and as such is given discretion over spending and is thereby afforded an opportunity, not generally available, to embezzle moneys, does occupy such a position." *Wright,* 160 F.3d at 910-11.

"As a general matter, an attorney occupies a position of trust with regard to his clients," thereby making the enhancement under Section 3B1.3 applicable. *See United States v. Walker*, 191 F.3d 326, 338 (2d Cir. 1999) (holding that position-of-trust enhancement was applicable where attorney had discretion to determine how to handle each of his clients' cases, and he abused that discretion when he elected to submit fraudulent immigration applications on their behalf); *United States v. Bandrich*, 636 F. App'x 65, 67 (2d Cir. 2016) ("A defendant acting in his capacity as an attorney occupies a position of public trust." (quoting *United States v. Goldman,* 447 F.3d 1094, 1096 (8th Cir. 2006)); *United States v. Harris,* 38 F.3d 95, 99 (2d Cir.1994) (upholding enhancement for defendant who "used lawyering skill instrumental to his schemes"); *United States v. Joblin*, 112 F.3d 506 (2d Cir. 1997) (enhancement applicable where attorney submitted false loan applications to FDIC institutions); *United States v. Nawaz*, 555 F. App'x 19, 28-29 (2d Cir. 2014) (enhancement applicable where former attorney among other things essentially acted as a closing attorney for at least fourteen of the fraudulent transactions, used its IOLTA accounts, and used his expertise as a former lawyer to counsel his co-conspirators on how to handle inquiries by lenders that could disrupt the scheme.).

Here, the position of trust enhancement is applicable to both Count One (money laundering conspiracy) and Count Two (wire fraud conspiracy). With regard to Count One, Wisnicki used his

expertise as an attorney to transfer illegal proceeds through his IOLA accounts, create phony retainer agreements, and lie to the grand jury about the purpose of the transactions. His position of trust as an attorney therefore "contributed in some significant way to facilitating the commission or concealment of the offense." Section 3B1.3, Application Note 1. Similarly, with regard to Count Two, Wisnicki used his discretionary authority over client funds to embezzle money and use it to pay for other clients' real estate losses. This falls within the heartland of the abuse of position of trust enhancement. *See* Section 3B1.3, Application Note 1 (enhancement applies in case of embezzlement by attorney serving as victim's guardian); *see also United States v. Valenti*, 60 F.3d 941, 947 (2d Cir. 1995) (enhancement proper as to defendant who embezzled funds from private apartment owners' association of which he was treasurer).

Lastly, the application of a Section 3B1.3 enhancement would not result in impermissible "double counting." The Second Circuit addressed a similar issue in *United States v. Marsh*, 955 F.2d 170, 171 (2d Cir. 1992). There, the defendant (a ranking bank officer) was convicted of bank fraud for a sophisticated scheme whereby the defendant made unauthorized charges against customer accounts, funneled the money to a bank account, and used the account to write checks to accounts at other banks as well as accounts that belonged to the defendant individually, to his relatives, to businesses in which he had an interest, or to his business associates. *Id.* The district court applied the then-existing two-level enhancement for "more than minimal planning" under Section 2B1.1(b)(4) as well as the two-level enhancement for abuse of a position of trust under Section 3B1.3. The defendant argued on appeal that this was double-counting, and the Second Circuit disagreed. As the Second Circuit reasoned, "[t]hese are not duplicative enhancements, reflecting identical facets of [the defendant's] conduct." *Id.* at 171. Rather, an "embezzlement offense can be committed by one who abuses his position of trust without more than minimal planning. And a person not subject to the abuse of trust enhancement, such as an ordinary bank teller, *see id.* § 3B1.3, comment. (n. 1), can commit the offense with more than minimal planning." *Id.* On the other hand, when "a ranking bank officer abuses his position of trust to facilitate commission of a crime and engages in more than minimal planning, he is properly subject to both enhancements." *Id.*[1]

The same principles apply here. With regard to Count One (money laundering conspiracy), Wisnicki argues that the Court should not employ the two-level abuse of trust adjustment because the same conduct constituting an abuse of trust or use of a special skill is already included in the obstruction of justice adjustment pursuant to U.S.S.G. § 3C1.1. (Dkt. 419 at 3). However, these

---

[1] *See also United States v. Allen*, 201 F.3d 163, 167 (2d Cir. 2000) (denying argument that more than minimal planning enhancement was double counting because "the abuse of trust enhancement was based on [the defendant's] use of her managerial discretion to pilfer company funds-not on the repetitiveness of the pilfering itself. The enhancement for more than minimal planning, on the other hand, was based *both* on the repetitiveness of [the defendant's] thefts *and* on the planning entailed in the numerous affirmative steps-*e.g.,* destroying canceled checks, altering and photocopying bank statements, forwarding the altered statements to corporate offices-that [the defendant's] took to conceal her offenses."); *United States v. Calabrese*, 660 F. App'x 97, 102 n.7 (2d Cir. 2016) ("We have consistently held that double counting is permissible in calculating a Guidelines sentence where, as here, each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm.").

two enhancements target different conduct. The obstruction of justice enhancement is for Wisnicki's lying, fabricating documents, and committing perjury (which can be done by anyone). The abuse of trust enhancement, on the other hand, is for Wisnicki's using his position as an attorney and officer of the Court to facilitate the scheme—namely, by moving money through his law firm's IOLA accounts and lending legitimacy to his lies to the Government and the grand jury.

Wisnicki's argument with regard to Count Two (wire fraud conspiracy) similarly fails. Wisnicki argues that "the Court should not apply the two-level adjustment to Count Two because the same conduct, the same abuse of trust, is already included in the specific offense characteristic for 'sophisticated means.'" (Dkt. 419 at 1). The sophisticated means enhancement, however, applies because the defendant engaged in a years' long Ponzi scheme involving dozens of victims, properties, and financial transactions (which, again, can be done by anyone). The abuse of trust enhancement, on the other hand, applies because the defendant gained clients' trust and embezzled their assets by abusing his position as an attorney. The two enhancements, once again, target different conduct and address different harms.

For the foregoing reasons, the Government respectfully submits that it is appropriate in this case to apply an adjustment for abuse of a position of trust or use of a special skill pursuant to §3B1.3 of the United States Sentencing Guidelines. The Government nonetheless maintains that a sentence within the Stipulated Guidelines Range of 63 to 78 months' imprisonment, as contemplated by the parties' plea agreement, is appropriate.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
     Mathew Andrews
     Timothy Capozzi
     Ryan Allison
     Assistant United States Attorneys